Marshall,
 
 Ch,
 
 J.
 

 delivered the opinion of the Court as follows.-
 

 The land for which this ejectment was brought^ lies within the territory ceded to the United States by the state of.North Carolina, and was claimed by a patent anterior to that cession. At.the date of the grant, the Indian title had not been extinguished. On the 26th day of October, 1805, á treaty was made between the United States' and the Cherokee Indians, in which the' Indian's ceded to the United States “ all the land lying to the “ north of the following boundary line; beginning at the ■“mouth ofDuck river, runningtlienceup themain stream “ of the same to the junction of the fork, at the head of “ which fort Nash stood, with the main south fork'; “ thence a direct course to a point oil the Tennessee ri- “ ver bank opposite the mouth of the Highwassee river.5*
 

 
 *17
 
 The question on which the cause has been placed is this. Is the land, claimed by the Plaintiff in the Court below, within the ceded territory ?
 

 The line mentioned in the treaty has been run, and the land in controversy lies on the north side of it, consequently within the limits ceded to the United States^ but there was a further stipulation in the treaty, which the Plaintiffs in error say comprehends the lands for which this suit is brought.
 

 After describing the ceddd territory, the treaty proceeds to say : “And whereas front'the present'cession “ made by the-Cherokees, and other circumstances, the “scites of the garrisons at South west puint and Tellico “are.become not the most convenient and ¡jüitahlc pla“ces fort e accommodation of the said Indians, it may “ become expedient to remove, the said garrisons and “factory to some more suitable place,” three
 
 other
 
 square miles .are
 
 reserved
 
 for the particular disposal of the United States on the north bank of the Tennessee opposite', to and below- the mouth of Highwassee.
 

 The. ceded territory lies above the mouth of Highwassee, as does the iand in controversy ; yet the Plairitiffs in error contend that this land is within the stipulation for a reserve of three square miles to lie below the mouth of Highwassee.
 

 They attempt to sustain this proposition by alleging that the word “below” was inserted in. the treaty by mistake, when the word “ above” was intended.
 

 This mistake ought certainly to be very Clearly demonstrated, before the Courts of the United “States can found upon its existence a judgment which shall deprive a citizen of his property.'
 

 The argument, so far as it is drawn from tne treaty itself, rests on the word “ reserved.” It is said that the lands “ reserved for the particular disposal of the United States,” must necessarily be a part of the ceded territory, or the term would not aptly express the idea óf the parties.
 

 
 *18
 
 The Court cannot accede to this reasoning. The treaty is the contract of both parties,. each having lands, The words are the words of both parties, and .the term might, without, any strained construction, be applied to' the lands of either. No great violence is done to the. import of tue term as used in the treaty, if ft bé considered as equivalent to the words “ set apait.” This construction is rendered necessary by the word “ other.” “ Three
 
 other
 
 square miles,” that is,-other than those be'-* fore ceded, are reserved for the particular disposal of the United States. The context, instead of proving that the word, “ below” was used by mistake in-the treaty, would rather induce the. Court to put that construction on an ambiguous term, had one been employed.
 

 The counsel for the Plaintiffs in error also rely on a letter written by the commissioners who negotiated the treaty to, the secretary of war on the 10th day of January, 1806. . But, Without inquiring into the weight to 'which such a letter is ihtitled in such a case, it is to be observed that the letter agrees with the terms of the treaty. It says that the three square miles reserved for the particular disposal of the U. States, were “.opposite to and below the mouth of the Higliwassee.” -It is uunecessa-. ry to make- a farther comment on this letter than to say, that there is no expression in it which appears to the Court to countenance, in the slightest degree, the idea that the word “.below” in the treaty was used by mistake instead of the word “ above.”
 

 The facts, that the agents of the United States took possession of this laud lying above the mouth of the Higliwassee, erected expensive buildings thereon, and placed a garrison there, cannot be admitted to give an explanation to the treaty, which would contradict its plain words and obvious meaning. The land is certainly the property of the Plaintiff
 
 below;
 
 and the United States cannot liave.inlended to deprive him of it by violence, and without compensation. This Court is unanimously and clearly of opinion that the Circuit Court committed no error in instructing the .jury that the In* dian title was extinguished to the land in controversy, and that the Plaintiff below might sustain his action.
 

 The judgment is affirmed witli costs.