Carr, J.
As to the first objection,—it is a general rule in pleading, that the declaration must contain an averment of all such facts as are necessary to maintain the plaintiff’s action; but if, in addition to the necessary averments, it contain- one idle and impertinent, so that it may be struck out without affecting the action, such averment is mere surplusage, and the plaintiff will not be held to proof of it. Is the averment here of this character, or is it one necessary to be stated in the declaration, and proved on the trial, to maintain the plaintiff’s action ? Since the case of Row v. Young, 2 Brod. & Bing. 165. 6 Eng. C. L. R. 58. it may be considered as settled in England, that where a promissory note is made payable, or bill of exchange is accepted payable, at a particular place, it is necessary, in an action against the maker or acceptor, to aver and prove a presentment at the place. But the point has been decided differently in the courts of New York, 4 Johns. Rep. 183. 17 Id. 248. And in the case of U. S. Bank v. Smith, 11 Wheat. 171. it is strongly doubted by the supreme court whether such averment and proof be necessary, in a suit against the maker of a note, though it is decided that they are, as against the indorser. This question, however, does not arise in the case before us; for the note is not made payable at any particular place; it is only made negotiable at the office of the bank of Virginia at Petersburg. The counsel, indeed, contended that this, of course, made it payable there; but he cited no authority for this, and I can find no decision to that effect. It would seem strange to me, if it had been so decided. There is no necessary connexion between the bank where a note is made negotiable, and the place where it is made payable; they are very different operations. In Mandeville v. Union Bank, 9 Cranch 11. chief justice Marshall said—“ By making a note negotiable at a particular *117 bank, the maker authorizes the bank to advance, on his eredit, to the owner of the note, the sum expressed on its face.” But the payment of that note by the maker is quite another matter; it may be payable at large (and is always so where no place is named for payment), or payable at the bank where it is negotiable, or at a different place. This is all matter of express stipulation. In the case just cited, of Mandeville v. Union Bank, there are two instances of notes negotiable at one bank, and payable at a different bank. The note, then, in the case before us, was payable at large, and the averment in the declaration wholly immaterial and idle, of which no proof was necessary. The circuit court, therefore, was right in refusing the instruction.
The next objection is to the form of the verdict and judgement : They are objected to for uncertainty, but I can perceive none. The counsel, in support of his objection, cited the case of Grays v. Hines. In that case, a judgement on a bond was entered for the penalty, to be discharged by the sum in the condition, “ subject to a deduction for the said credits indorsed on the said bond :” here was much uncertainty; the sums to be credited were not specified; the judgement, instead of being complete in itself, referred to another document, which was liable to be changed by the clerk or others. The two cases are wholly different; and I think there is nothing in the objection.
Another objection was relied on in the argument; that the band writing of the maker, and of the indorser, were not proved. But the record presents no such point. There is a general verdict for the plaintiff on the note; without any objection at the trial for want of such proof; without any motion to the court for instructions on the point; without any demurrer to the evidence. This is an attempt to supply the defect, by making the bill of exceptions operate as a demurrer to evidence; but that point has been too often decided here, to be now stirred.
The other judges concurred, and the judgement was affirmed.