CORREA et al. v. BARBOUR, Forest Sup'r.

No. 2842.

Circuit Court of Appeals, First Circuit.
May 18, 1934.

Hugh R. Francis, of San Juan, P. R. (Virgilio Brunet, and Rafael Soltero Peralta, both of San Juan, P. R., on the brief), for appellants.

Harry W. Blair, Asst. Atty. Gen. (Aubrey Lawrence and Edward T. Burke, Sp. Assts. to Atty. Gen., and A. Cecil Snyder, U. S. Atty., of San Juan, P. R., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the District Court of Puerto Rico sustaining a demurrer to the complaint and dismissing the suit.

In the amended complaint it was alleged:

"Firstly. That the said plaintiffs are all of them citizens of Puerto Rico, residing: Gerado Baldrich Correa in the Municipality of San Juan, Benigno Baldrich Correa in the Municipality of Rio Grande, and Evaristo and Juan Correa Lopez de Victoria in the Municipality of Rio Piedras; and that the defendant, William R. Barbour, is a citizen of the United States, now sojourning in the Island of Puerto Rico, in the Municipality of Rio Piedras, who was appointed on June 1, 1931, Forest Supervisor of the Luquillo National Forest attached to this Island from the United States Forest Service by authority of the Federal Department of Agriculture.

"Secondly. That said plaintiffs are the owners in fee simple of the following described land, to wit: (specifically describing the land by metes and bounds, and stating the municipal districts in which it is situated).

"Thirdly. Plaintiffs further allege that on or about the year 1913, the said plaintiffs being the owners of said described land in fee simple by virtue of a grant from the Crown of Spain to Francisco Correa, of whom the plaintiffs are heirs, and having the right of possession thereof under the guarantees of the Treaty of Paris between the United States and Spain, signed on December 10, 1898 (proclaimed April 11, 1899), the defendant entered into possession of said land and has exercised dominion over said land and is now in possession thereof; all against the will of plaintiffs.

"Fourthly. That plaintiffs have repeatedly applied to the defendant for the return to them of such land and the defendant has refused to do so.

"Fifthly. That said land, which is of the approximate value of two hundred thousand dollars, is at present the ownership of the plaintiffs.

"Sixthly. That said plaintiffs had at all times before 1913, or thereabouts, exercised dominion over said land but that the defendant claims that he has the right and authority to exercise dominion and control over same, by virtue of his appointment as Forest Supervisor of the Luquillo National Forest, United States Forest Service at Rio Piedras, Puerto Rico, and he does so exercise such do-

minion and control over said property and is in possession thereof and maintains plaintiffs excluded therefrom.

"Seventhly. That as a result of the plaintiffs having been deprived of the use of their above described premises, they have thus been deprived, during the whole length of the dispossession, of the produce and rent thereof; and the plaintiffs have estimated this loss at about one hundred thousand dollars.

"Wherefore, plaintiffs, as owners in fee simple of the above described premises, pray the judgment of this court for the recovery and [of] possession of said land, and the produce or rent thereof, as described herein.

"That the boundary of the land of plaintiffs be settled and determined by this court."

The defendant in his demurrer to the complaint assigns four distinct grounds, the fourth of which, however, the court was not requested to pass upon as counsel for the defendant regarded the matter to which it related as having been cured by the amendment to the complaint. The remaining grounds of demurrer were as follows:

"1. That this court has no jurisdiction of the person of the defendant or the subject of the action:

"From the first paragraph of the complaint it appears that William R. Barbour, the defendant, is sued, not in his personal capacity, but as Forest Supervisor of the Luquillo National Forest attached from the United States Forest Service by authority of the United States Department of Agriculture, and, therefore, the real defendant in this case is the United States of America. Such being the case, nowhere in the complaint does it appear that permission has been requested from the United States of America to be sued as a sovereign government nor does it appear from the complaint that the United States of America as a sovereign government has ever given permission or authorized such suit to be brought against it.

"2. That there is a defect or misjoinder of parties defendant:

"From the mere reading of the complaint it is apparent that the ejectment sought is not of William R. Barbour in his private and individual capacity but that really and actually the ejectment is directed against the United States of America, which, according to allegations third and sixth of the complaint, has entered into possession, exercised dominion, does exercise dominion and control and possession over a certain tract of land fully described in the complaint since the year 1913. Therefore, the United States of America, being the real party in interest and which is really exercising dominion and control is in possession of the aforesaid tract of land, should be a party-defendant, and nowhere in the complaint is the United States of America made a party defendant.

"3. That the complaint does not state sufficient facts to constitute a cause of action:

"According to paragraph third of the complaint it is alleged that 'the said plaintiffs being owners of the said described land in fee simple by virtue of a grant from the Crown of Spain to Francisco Correa of whom plaintiffs are heirs. * * *' No facts are alleged as to when and how the said plaintiffs became and are the heirs nor that they are the only heirs of said Francisco Correa.

"A further reason under this ground of demurrer is that plaintiffs do not allege to whom or when the said plaintiffs have made demand for the return of said property, the only facts alleged in this respect being those which appear in paragraph four, to the effect that 'plaintiffs have repeatedly applied to the defendant for the return to them of such land and defendant has refused to do so.'"

In their assignments of error the plaintiffs-appellants complain that the court erred in ruling: (1) That it had no jurisdiction of the subject of the action; (2) that there is a defect or misjoinder of the parties defendant; (3) that the complaint does not state sufficient facts to constitute a cause of action; (4) in dismissing their motion for reconsideration; and (5) in dismissing the complaint.

▪ With reference to the first and second grounds of demurrer the contention of the plaintiffs is that this action draws in question simply the plaintiffs' right against the defendant as an individual to be put in possession of the property described in the complaint; that it is not an action to determine the title of the United States to the land in question; and that the United States is not in fact a party to the suit and is not an indispensable or even a necessary party to the determination of the plaintiffs' right of possession or to a judgment asserting they have such right.

The situation existing in this case does not differ in any material respect from that before the court in United States v. Lee, 106

U. S. 196, 1 S. Ct. 240, 247, 27 L. Ed. 171. There the action was brought against Kaufman, Strong, and several others to recover possession of a parcel of land known as the Arlington estate. At the trial the plaintiff dismissed the suit as to all the defendants except Kaufman and Strong, against whom judgment was rendered as to distinct parcels of the land in question. The United States was not a party to the suit and declined to submit itself as a defendant to the jurisdiction of the court. In the Circuit Court of the United States the Attorney General filed a motion or suggestion to the effect that "the property in controversy has been for more than ten years and now is held, occupied, and possessed by the United States through its officers and agents as public property of the United States," namely, as a military station and as a national cemetery, and that the United States claimed title thereto under a certificate of tax sale, a copy of which it filed with its motion. The prayer of the motion was that the suit be dismissed and for such other order as might be proper. The plaintiff demurred to the motion or suggestion and the demurrer was sustained. Kaufman and Strong then pleaded the general issue, upon which trial was had. During the course of the trial the question raised by the motion or suggestion of the Attorney General was presented to the court by prayers for instructions, which were refused, subject to exception. The plaintiff offered evidence tending to show his title and right of possession. The defendants, to show that their possession was lawful, introduced the tax sale certificate issued by the Commissioners to the United States, the purchaser at the tax sale, and that they were occupying as agents of the United States. In that case the Supreme Court pointed out that if the tax certificate conveyed a valid title to the United States the plaintiff would have lost his right to possession, whereas, if the tax certificate did not give any title to the United States, the plaintiff, having made a prima facie case of title could recover.

It ruled that the jury under proper instructions found that the tax certificate did not divest the plaintiff of his title to the property. Having determined that the jury were justified in finding that the United States acquired no title under the tax sale proceedings and that the plaintiff had title and right to the possession of the land in controversy, it proceeded to consider the question raised by counsel for the plaintiffs in error and in behalf of the United States: Whether, under such circumstances, the court

was without authority to render a judgment in favor of the plaintiff against the individual defendants "because the latter hold the property as officers and agents of the United States, and it is appropriated to lawful public uses." It was there conceded that the United States could not lawfully be sued without its consent and the question in dispute was whether the action could be maintained against "any individual without such consent, where the judgment must depend on the right of the United States to property held by such persons as officers or agents for the government." And, inasmuch as the United States was not made a party by name, it held that what the question resolved itself into was whether the United States was an indispensable party to the suit.

In discussing the matter, it said:

"Another consideration is that since the United States cannot be made a defendant to a suit concerning its property, and no judgment in any suit against an individual who has possession or control of such property can bind or conclude the government, as is decided by this court in the case of Carr v. United States [98 U. S. 433, 25 L. Ed. 209], already referred to, the government is always at liberty, notwithstanding any such judgment, to avail itself of all the remedies which the law allows to every person, natural or artificial, for the vindication and assertion of its rights. Hence, taking the present case as an illustration, the United States may proceed by a bill in chancery to quiet its title, in aid of which, if a proper case is made, a writ of injunction may be obtained. Or it may bring an action of ejectment, in which, on a direct issue between the United States as plaintiff and the present plaintiff as defendant, the title of the United States could be judicially determined. Or, if satisfied that its title has been shown to be invalid, and it still desires to use the property, or any part of it, for the purposes to which it is now devoted, it may purchase such property by fair negotiation, or condemn it by a judicial proceeding, in which a just compensation shall be ascertained and paid according to the constitution."

This shows the real ground of decision in the Lee Case was whether the United States was an indispensable party to enable the court, according to the rule which governed its procedure, to grant the relief sought. And the same thing is pointed out in Cunningham v. Macon & Brunswick R. R. Co., 109 U. S. 446, 452, 3 S. Ct. 292, 609, 27 L. Ed. 992, where it was held that the state of

Georgia was an indispensable party as its interest in the controversy was of such a nature that a final decree could not be made without affecting its interest. Pages 451 and 457 of 109 U. S., 3 S. Ct. 296, 300. In discussing a class of cases to which it said the Lee Case belonged, the court said:

"Another class of cases is where an individual is sued in tort for some act injurious to another in regard to person or property, to which his defense is that he has acted under the orders of the government.

"In these cases he is not sued as, or because he is, the officer of the government, but as an individual, and the court is not ousted of jurisdiction because he asserts authority as such officer. To make out his defense he must show that his authority was sufficient in law to protect him. [Citing cases.]

"To this class belongs also the recent case of United States v. Lee, 106 U. S. 196, 1 S. Ct. 240 [27 L. Ed. 171], for the action of ejectment in that case is, in its essential character, an action of trespass, with the power in the court to restore the possession to the plaintiff as part of the judgment. And the defendants, Strong and Kaufman, being sued individually as trespassers, set up their authority as officers of the United States, which this court held to be unlawful, and, therefore, insufficient as a defense. The judgment in that case did not conclude the United States, as the opinion carefully stated, but held the officers liable as unauthorized trespassers, and turned them out of their unlawful possession." Page 452 of 109 U. S., 3 S. Ct. 292, 296.

"It is no answer for the defendant to say I am an officer of the government and acted under its authority unless he shows the sufficiency of that authority." Page 456 of 109 U. S., 3 S. Ct. 292, 300.

This action is not against the United States but against the defendant as an individual. It is true that in the sixth paragraph of the complaint it is alleged "that the defendant *claims* that he has the right and authority to exercise dominion and control over same, by virtue of his appointment as Forest Supervisor of the Luquillo National Forest, United States Forest Service at Río Piedras," but this is an immaterial allegation and in any event is not an assertion that he has such right and authority. If he has such right and authority, that is a matter of defense for him to plead in the action, which, as yet, he has not done.

We are of the opinion, therefore, that the court below erred in sustaining the first ground of demurrer.

■ The second ground of demurrer stands no better. It is in substance and effect an assertion that the court is without jurisdiction because the United States is an indispensable party to the action; that, as between the plaintiffs and this defendant, no judgment can be entered determining their rights without a determination of the right and title of the United States. That this is not so is plainly pointed out in the cases above cited. The rights of the parties to this suit can be fully determined and judgment thereon entered without a judicial determination of the title of the United States. It is true that the defendant cannot prove that he was in possession under lawful authority without showing that the United States had good title to the land giving it authority to authorize him to enter and possess the land. But in establishing his authority, the right and title of the United States is not at issue in the suit, but is a mere matter of evidence going to prove the character of the authority under which he holds possession (Winnipiseogee, etc., Co. v. Laconia, 74 N. H. 82, 84, 65 A. 378); and, as said in both of the Supreme Court cases above cited, a judgment in favor of the plaintiffs will not conclude the United States as to its title but only determine whether the defendant officer is or is not liable as a trespasser and should or should not be turned out of possession. The United States, therefore, is not an indispensable party defendant. See, also, Atwood v. Rhode Island Hospital Trust Co. (C. C. A.) 275 F. 513, 517, and cases there cited.

■ The third ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action in that: (1) "No facts are alleged as to when and how the said plaintiffs became and are the heirs nor that they are the only heirs of said Francisco Correa;" and (2) does not allege to whom and when the plaintiffs made demand for the return of the property. Neither of these objections are meritorious. In the second paragraph of the complaint the plaintiffs allege that they "are the owners in fee simple of the following described land," specifying it, and in the third paragraph that these "plaintiffs being the owners of said described land in fee simple by virtue of a grant from the Crown of Spain to Francisco Correa, of whom the plaintiffs are heirs and having the right of possession thereof, etc., the defendant entered into possession."

The allegation that the plaintiffs are owners in fee simple is sufficient without more. They did not need to allege the evidence by which they intended to establish their ownership. If it was necessary for the plaintiffs to allege that, before bringing their action, they made demand upon the defendant to return to them the land, a question unnecessary to decide, the fourth allegation of the complaint meets the requirement, for it is there alleged "that plaintiffs have repeatedly applied to the defendant for the return to them of such land and the defendant has refused to do so."

█ Counsel for the defendant in his brief, in connection with the third ground of demurrer, has stated two additional grounds why he contends the complaint does not state facts sufficient to constitute a cause of action, namely: (1) That it shows on its face the plaintiffs are barred by the statute of limitations, and (2) that the alleged cause of action is res adjudicata. Neither of these grounds were assigned in the court below or passed upon by that court in sustaining the demurrer. This being so, they are not open to consideration here. In fact, they appear to be distinct grounds, not germane to the third ground of demurrer. As the judgment must be vacated and the case remanded for further proceedings, the defendant, if he shall be so advised, may plead these matters in defense of the action.

The judgment of the District Court of Puerto Rico is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs in this court to the appellants.