**BLONDET v. HADLEY.**

No. 3924.

Circuit Court of Appeals, First Circuit.

Aug. 25, 1944.

R. H. Blondet, Dubon & Ochoteco, Otero Suro & Otero Suro, and L. E. Dubon, all of San Juan, P. R., for appellant.

S. Billingsley Hill, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., and Dwight D. Doty and Vernon L. Wilkinson, Attys., Dept. of Justice, both of Washington, D. C., and Joseph F. McPherson, Sp. Asst. to Atty. Gen., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for Puerto Rico dismissing a bill of complaint filed by the plaintiff, a citizen of the United States domiciled and resident in Puerto Rico, against E. W. Hadley, a citizen of the United States domiciled in Georgia but resident in Puerto Rico, who is an employee of the United States Department of Agriculture, Division of Forest Service, and the Supervisor of the Caribbean National Forest.

The plaintiff alleges in his bill that he is the "owner in dominion title" of a 100 cuerda tract of land in the Ward of Sabana, Municipality of Luquillo, on the Island of Puerto Rico, which he describes; that he and his predecessors in title "have always been and complainant now is in peaceful possession, use and enjoyment of said property except for the acts of defendant stated herein", and that the defendant, "without any authority, direction or instruction from the United States of any kind whatsoever"

"claims and pretends that said parcel of realty * * * is included in Tract No. 51-A as shown in the Official Map of the Luquillo National Forest (now a part of the Carribean National Forest)" and "is the property of the United States of America." He avers that this claim "is wholly unfounded and without any right or authority" and constitutes a cloud upon his title, depreciating the value of his land and causing him irreparable injury.

The plaintiff then goes on to allege in his bill that the defendant has illegally entered upon the land and ordered the plaintiff's employees off of it; that the defendant has erected certain monuments upon the land and destroyed others and threatens to build a road across it and for that purpose to cut and destroy valuable timber growing thereon; that the plaintiff, by his employees, at one time cut and removed "a certain amount of timber" from the tract and the defendant threatens criminal prosecution therefor; that the plaintiff desires to cut more timber on his land but is deterred by the defendant's threats of prosecution; that the plaintiff has no adequate remedy at law, and that the value of the property, the value of the plaintiff's use thereof, and the value of the timber growing thereon which could be cut and sold, exceeds the jurisdictional amount.

The relief asked for is, first, that the defendant be required to answer setting forth the grounds and nature of his claims and pretensions, and then for an order adjudging those claims and pretensions unauthorized, invalid and void, and forever barring the defendant from asserting them; that the court enter a declaratory judgment to the effect that the plaintiff "is the owner in dominion title of and to said parcel of realty, and entitled to the use, possession and enjoyment thereof;" that the defendant be forever enjoined from entering upon said parcel of realty, and from "doing any of the acts and things therein which he has done, is doing and threatens to do;" that the defendant be forever enjoined from bringing, or causing to be brought the criminal proceedings against the plaintiff which he has threatened, and for such other relief as may be appropriate in the premises.

Upon the filing of this bill the defendant filed a motion to dismiss on the ground that the court was without jurisdiction to entertain the plaintiff's suit for the reason that in substance and effect it is a suit against the United States, which has neither consented to be sued nor waived its immunity from suit, and for the further reason that the "bill of complaint does not state facts sufficient to constitute a valid cause of action in equity against the defendant." The court below denied this motion and the defendant thereupon answered denying the plaintiff's title to, possession of, or right to possess the land described in the bill, and admitting that he (the defendant) claims title to the land in dispute "on behalf of the United States" and that he had entered upon that land and done the acts alleged thereon. The answer concludes with an assertion of the defendant's authority and right to make the claim he advances and to do the acts alleged.

After full hearing on the merits the court below found that the events which gave rise to this suit occurred upon a piece of land included in Tract 51-A of the Luquillo Unit of the Caribbean National Forest; that the above Tract 51-A lies entirely to the West of the Sabana River, and that, although the plaintiff has established a chain of title to a parcel of land in the Ward of Sabana containing 100 acres more or less, a preponderance of the evidence placed that parcel on the East side of the Sabana River. It therefore concluded as matter of law that the plaintiff had failed to prove his case by a preponderance of the evidence and in consequence entered a judgment dismissing the bill on the merits.

The first question for consideration is jurisdictional. There is no doubt that there is here the requisite diversity of citizenship and amount in controversy (48 U.S.C.A. § 863), but is this a suit against the United States which cannot be maintained because of the sovereign's immunity?

It is evident from the pleadings that the defendant does not claim that he, personally, has title to the land in question. What the plaintiff alleges and the defendant admits is a claim by the defendant that the United States has title to the disputed tract. Thus the controversy as to title is between the plaintiff and the United States, not between the plaintiff and the defendant Hadley, and from this it follows that the United States is a necessary party. The plaintiff can obtain effective relief with respect to title only against it. But the United States is not a party, and because of its sovereign immunity from suit it cannot be made one without its consent, which it withholds. From this it necessarily follows that jurisdiction is lacking over

372

the plaintiff's bill in so far as in it he seeks removal of the cloud upon his title and a judgment declaring that he is the owner of the land. Chandler v. Dix, 194 U.S. 590, 591, 24 S.Ct. 766, 48 L.Ed. 1129; State of Louisiana v. Garfield, 211 U.S. 70, 78, 29 S.Ct. 31, 53 L.Ed. 92; Wood v. Phillips, 4 Cir., 50 F.2d 714, 717, 718, and cases cited.

■ But title is not the sole issue presented. In his bill the plaintiff, in addition to asking for an adjudication with respect to title, alleges continuous trespasses on his land by the defendant and asks for relief against them, and this puts the right to possession in issue. To be sure the defendant rests his claim upon the title of the United States and his authority as a federal official, but this does not raise the question of the validity of the title of the United States. What it does raise as the issue is the respective rights of the parties to possession, and the answer to it hinges not upon whether the plaintiff or the defendant has a title good against the world, but whether the plaintiff has shown by a preponderance of the evidence that his title is relatively better than the one under which the defendant claims. In other words the question is not which party has an absolutely valid title, but which party has the better one. So a determination of title in the case at bar does not adjudicate title as such, it only adjudicates the relative merits of the respective titles of the litigants, and from this it follows that the United States is not a necessary party. For this reason, as well as upon the authority of earlier cases,[1] a majority of the Supreme Court in United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171, held that one who claimed to be the owner of land held and occupied by the United States for public uses but under a defective title might maintain an action of ejectment against the person or persons in charge of the property as officers or agents of the government. See Ferris v. Wilbur, 4 Cir., 27 F.2d 262, 263. That is to say, it decided that a possessory action against a government official in actual occupancy and control of lands claimed by the United States is not an action against the United States but one against the official as an individual even though that official justified his occupation on the ground of his authority and the validity of the title of the United States. Cunning-

ham v. Macon & B. R. Co., 109 U.S. 446, 452, 464, 3 S.Ct. 292, 609, 27 L.Ed. 992; Belknap v. Schild, 161 U.S. 10, 19, 16 S.Ct. 443, 40 L.Ed. 599; Correa v. Barbour, 1 Cir., 71 F.2d 9, 11, 12.

This brings us to the question of the jurisdiction of a court sitting in equity to give the injunctive relief here asked for.

■ It has frequently been held that the question of title is exclusively cognizable at law and in consequence that suits in equity to remove a cloud on title (Subirana v. Kramer, 1 Cir., 17 F.2d 725, 727) or to enjoin persistent trespassers, cannot be maintained unless the plaintiff alleges and proves that he has established his title by at least one successful trial at law. 5 Pomeroy, Equity Jurisprudence, 4th Ed., § 1920; Equitable Remedies, 2nd Ed., § 506. This rule is criticized by Pomeroy in the section of his work cited above on the ground that equity having taken jurisdiction for one purpose ought here as in other situations to retain jurisdiction and give complete relief. However, we do not need to enter into this controversy for the reason that since the Federal Rules of Civil Procedure there is no longer any procedural distinction between suits in equity and actions at law, and the substantive difference which necessarily persists due to the constitutional right to trial by jury in actions cognizable at law cannot here be availed of by the plaintiff. The right to trial by jury, if it exists in Puerto Rico (see Dorr v. United States, 195 U.S. 138, 24 S.Ct. 808, 49 L.Ed. 128, 1 Ann.Cas. 697) can be waived, and was waived by the plaintiff when he brought his suit in equity, and the defendant, we must assume, if he sufficiently asserted his right by his motion to dismiss for failure to "state facts sufficient to constitute a valid cause of action in equity," has also waived it. Having prevailed, we cannot believe that the defendant now wants to jeopardize his victory by another trial before a jury.

Consequently it is clear that the court below had jurisdiction of the plaintiff's bill insofar as in it he seeks relief from repeated trespasses, and we turn to the merits.

The factual issue here is whether the 100 cuerda tract of land in the Ward of Sabana to which the court found the plaintiff had established a chain of title lies on the east

[1] United States v. Peters. 5 Cranch 115, 3 L.Ed. 53; Meigs v. M'Clung's Lessee, 9 Cranch 11, 3 L.Ed. 639; Wilcox v. Jackson, 13 Pet. 498, 10 L.Ed. 264; Osborn v. Bank of United States, 9 Wheat. 738, 6 L.Ed. 204.

or the west bank of the river. The court found on the evidence that more probably than not it lay on the east bank and so could not have been the land on the west bank upon which the events occurred which gave rise to this litigation.

Obviously the question of the side of the river upon which the plaintiff's land lies is one of fact, and from this it follows that the conclusion of the court below thereon cannot be set aside by us except for clear error. Rule 52(a), F.R.C.P., 28 U.S.C.A. following section 723c. The plaintiff concedes this, but nevertheless advances several arguments for reversal. We do not find them convincing, and since they are very technical and rather involved, we think it would serve no useful purpose to set them out at length only to refute them. Under these circumstances it will suffice for us to say that we have rejected them only after careful consideration.

The decree of the District Court is affirmed.