[No. B179266. Second Dist., Div. Seven. July 25, 2005.]

RUBEN BECERRADA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, Real Party in
Interest.

## COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, Tom Althaus, Rose Reglos and Mark Harvis for Petitioner.

No appearance for Respondent.

Fuentes & McNally, Raymond J. Fuentes and John M. Bowers for Real Party in Interest.

## OPINION

ZELON, J.—Ruben Becerrada seeks a writ of mandate to prevent the real party in interest, the Los Angeles County Sheriff's Department (Department), from providing to witnesses information ordered disclosed to petitioner by the court on a *Pitchess* motion. The deputies, who were the subjects of the motions, seek to obtain from the Department all of the information released to petitioner so that they may prepare for trial. Petitioner asserts that releasing that information would violate the prohibition, established in *Alford v. Superior Court* (2003) 29 Cal.4th 1033 [130 Cal.Rptr.2d 672, 63 P.3d 228] (*Alford*), against releasing such information to the prosecution absent a separate *Pitchess* motion. Finding that a limited release to an individual officer of information contained in his own file would not disturb the balance between the right to a fair trial and the officer's right to privacy, we deny the writ.

### FACTUAL AND PROCEDURAL SUMMARY

Petitioner, charged with murder with special circumstances,[1] sought pretrial discovery relating to 27 Los Angeles County Sheriff's deputies through a *Pitchess* motion. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].) After a series of hearings, the court ordered certain material from the personnel files of 23 of the deputies produced to the defense.[2] Subsequently, those deputy sheriffs at the Department about whom

---

[1] Penal Code 187 subdivision (a). Becerrada is also charged with violations of Penal Code sections 261 subdivision (a)(2), 261 subdivision (a)(6), 236, 245 subdivision (a)(1), 207 subdivision (a), and 136 subdivision 1 (two counts).

[2] It appears from the record that the prosecution in this matter filed its own *Pitchess* motion, but that, rather than making an independent showing of good cause, it merely requested production of the same materials ordered on the defense motion. That motion is not in the record; the transcript, however, indicates that the court denied that motion without prejudice to refiling a motion that attempted to show good cause. A later transcript indicates that that motion was filed, but that prior to the date set for hearing, the individual deputies made the requests to the custodian that are at issue here.

disclosure had been made requested from the custodian of records the information that had been ordered produced to the defense. Defendant then sought an order from the trial court to prevent the custodian of records from releasing that information to the individual deputy sheriffs. The trial court denied the motion, granting a limited stay to permit review in this court.

*Standard of Review*

■ A trial court's decision concerning the discovery of material contained in law enforcement personnel files is, in most instances, reviewed for abuse of discretion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228 [114 Cal.Rptr.2d 482, 36 P.3d 21].) Here, however, the issue is one of law: whether the officer from whose files disclosure is made has a right to know what information has been produced. Review of such a question is de novo. (*County of Los Angeles v. Superior Court* (1993) 18 Cal.App.4th 588, 594 [22 Cal.Rptr.2d 409].)

## DISCUSSION

■ *Pitchess* motions permit the defense, on a showing of good cause, to seek information contained in the personnel files of officers that is material to the proceedings, including evidence that may be used to impeach witness officers. "Good cause for discovery exists when the defendant shows both ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84 [260 Cal.Rptr. 520, 776 P.2d 222] (*Santa Cruz*).) A showing of good cause is measured by 'relatively relaxed standards' that serve to 'insure the production' for trial court review of 'all potentially relevant documents.' (*Ibid.*)" (*Warrick v. The Superior Court of Los Angeles County* (2005) 35 Cal.4th 1011, 1016 [29 Cal.Rptr.3d 2, 112 P.3d 2] (*Warrick*).)

■ The Legislature codified the *Pitchess* principles in Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 and 1045. The statutes seek to achieve a balance between "two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertaining to the defense." (*City of San Jose v. Superior Court* (1993) 5 Cal.4th 47, 53 [19 Cal.Rptr.2d 73, 850 P.2d 621].) The determination of whether the standard of good cause is met requires a defendant to establish, among other factors, that the requested *Pitchess* discovery will support the proposed defense to the case and that there is a basis for its admission at trial. (See, e.g., *Warrick, supra,* 35 Cal.4th

at p. 1027.) Thus, to bring a successful motion, the defense must reveal its trial theories, at least in part.

█ If the court then finds good cause, it will review the files in camera to determine which, if any, are relevant to the case, typically disclosing only identifying information concerning those who filed complaints against the officers. That limited disclosure provides "a further safeguard to protect officer privacy where the relevance of the information sought is minimal and the officer's privacy concerns are substantial." (*Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1090 [12 Cal.Rptr.3d 467].) Pursuant to Evidence Code section 1045 subdivision (e), the court may enter a protective order concerning the use of the information obtained. The information ordered produced may not be provided to the prosecution in the action, absent a separate *Pitchess* proceeding, nor may that information be used for any proceeding other than the one in which it was ordered disclosed. (*Alford, supra,* 29 Cal.4th at pp. 1045–1046.)

█ It is the limitation on production to the prosecution set out in *Alford* that is at the center of the dispute here. In *Alford*, the prosecution sought both to be heard in *Pitchess* proceedings and to receive the materials disclosed to the defense after the in camera review. (*Alford, supra,* 29 Cal.4th at pp. 1043–1044.) Because a *Pitchess* proceeding is, in essence, a third party discovery mechanism, the prosecution has the right to notice of the hearing, but not to argue the merits of the showing of good cause, nor to be privy to information about the trial theory of the defense.[3] And, because of reciprocal discovery rights, the prosecution will receive relevant disclosure from the defense at the time that information contained in the *Pitchess* material results in the decision to call a witness. (*Id.* at p. 1045.) This is, however, the limit to what the prosecution may receive, absent its own successful *Pitchess* motion. (*Id.* at p. 1046.)

In footnote 7, the *Alford* court noted that, because in most cases the officer whose records are at issue is in some way "affiliated with the prosecution team," the prosecution has the ability, which the defense ordinarily does not, to interview the officer concerning any possible impeachment material. The trial court reasoned that the Supreme Court had created a "back door" to permit prosecution discovery of the *Pitchess* disclosures to the defense, and that this language established the right of each officer to obtain the informa-

---

[3] The declarations related to good cause filed in support of the motion were ordered sealed. There is thus no issue before this court other than the specific request for access to the *Pitchess* compliance material ordered produced to the defense.

tion ordered produced to the defense and to then provide it to the prosecution; the court believed this footnote precluded it from restraining production in response to such a request. (*Alford, supra,* 29 Cal.4th at p. 1046, fn. 7.)

■ Footnote 7, read in the context of the opinion, does not establish the right of the prosecution to obtain material disclosed to the defense without filing its own motion. (*Alford, supra,* 29 Cal.4th at p. 1046, fn. 7.) Nor was the *Alford* court presented with a claim that an individual officer has a right to obtain and then share that information, distinct from his right to review his own personnel files. Thus, footnote 7 does not require the action taken by the trial court. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176 [119 Cal.Rptr.2d 903, 46 P.3d 372] [a case is not authority for issues not before the court].) Nonetheless, the statutes expressly provide an officer the right to be present at the in camera review of the files, once good cause has been shown. (Evid. Code, § 915.) This provision, in combination with the more general right of access to the personnel files, gives to each individual officer the practical ability to access the information in the specific complaints the court has determined to be sufficiently relevant to the case before the court to order *Pitchess* disclosure. The distinction between an officer's ability to review his files with the list of relevant complaints in hand, and to receive a copy of the disclosure report containing information extracted from those same files is a distinction without a difference—under either scenario, the officer has gained access to the same information. ■ The recognition by the Supreme Court that an officer remains free to discuss with the prosecution any material in his files, in preparation for trial, means that the officer practically may give to the prosecution that which it could not get directly.[4]

However, this does not translate into a "back door" for the prosecution to evade the legal requirements imposed by *Alford*. No officer is required to attend the in camera hearing, to request the information, to review his files, or to share any of that material with the prosecution. To hold that *Alford* confers a right on the prosecution ignores the privacy rights of the officer that *Alford* expressly protected: "Absent such compliance [with *Pitchess*] . . . peace officer personnel records retain their confidentiality vis-à-vis the prosecution." (*Alford, supra,* 29 Cal.4th at p. 1046.)

---

[4] In this case, we were not presented with, and do not reach, any issues that may arise if an individual officer in fact chooses to share the information obtained from his personnel file with the prosecution, or with other officers. Whether such actions could result in a waiver of the officer's privacy rights through the use of the information in a specific prosecution or through the creation of the kind of database otherwise prohibited in *Alford*, are questions that can only be answered on a more fully developed record.

## DISPOSITION

The petition is denied.

Perluss, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied August 22, 2005, and the opinion was modified to read as printed above. Petitioner's petition for review by the Supreme Court was denied October 12, 2005. Kennard, J, was of the opinion that the petition should be granted.